**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09129 MMM (AGR) | Date | February 17, 2012 |
|---|---|---|---|

| Title | *Muyiwa Ololade v. World Savings Bank, et al.* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order Dismissing Complaint with Prejudice; Granting Motion to Expunge *Lis Pendens***

On August 10, 2011, *pro se* plaintiff Muyiwa Ololade commenced this action in Los Angeles Superior Court against World Savings Bank, Wells Fargo Bank N.A., and certain fictitious defendants.[1]  Defendant Wells Fargo Bank, N.A. removed the action to federal court, invoking the court's federal question jurisdiction under 28 U.S.C. § 1441, and its diversity jurisdiction under 28 U.S.C. § 1332.[2]  On November 10, 2011, Wells Fargo filed a motion to dismiss plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure and a motion to strike under Rule 12(f).[3] Despite being notified by the court of the standards governing both motions to dismiss and motions to strike, and the requirements for opposing them, Ololade did not oppose the motions.[4]  On January 26, 2012, the court granted the motion to dismiss, but gave Ololade twenty days to amend all causes

---

[1]Notice of Removal ("Removal"), Docket No. 1 (Nov. 3, 2011), Exh A ("Complaint").

[2]Removal at 2.

[3]Defendant Wells Fargo's Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), Docket No. 5 (Nov. 10, 2011); Defendant Wells Fargo's Motion to Strike Portions of Plaintiff's Complaint ("Motion to Strike"), Docket No. 6 (Nov. 10, 2011).

[4]Order Providing Notice to *Pro Se* Plaintiff of Standards Governing Motions to Dismiss and Motions to Strike ("*Pro Se* Notice"), Docket No. 11 (Dec. 5, 2011).

of action save one.[5]  To date, plaintiff has not filed an amended complaint or otherwise responded to the court's order.

On December 2, 2011, Wells Fargo moved to expunge the notice of pending action that plaintiff had recorded.[6]  Ololade has not opposed the motion.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument and vacates the hearing scheduled for February 27, 2012.

## I.  DISCUSSION

### A.    Plaintiff's Failure to File an Amended Complaint

Rule 41(b) permits courts to dismiss an action *sua sponte* for failure to comply with a court order.  See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) ("The authority of a court to dismiss *sua sponte* . . . has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs. . . .  It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition"); *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (holding that district court did not abuse its discretion in *sua sponte* dismissing a complaint for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming a lower court's dismissal for failure to follow court orders).

Where, as here, a plaintiff whose complaint has been dismissed with leave to amend takes no action, the Ninth Circuit has held that the appropriate response is the sanction of a Rule 41(b) dismissal.  See, e.g., *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("*Yourish* and *Ferdik* both arose when plaintiffs, given the opportunity to amend or be dismissed, did *nothing*. In that situation, resources continue to be consumed by a case sitting idly on the court's docket.  The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal. . . .  Hence we understand the *Ferdik-Yourish* rule to require a threatened Rule 12(b)(6) dismissal to ferment into a Rule 41(b) dismissal only upon a plaintiff's *inaction*.  When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment" (citations omitted)); see also, e.g., *Grubb v. Hernandez*, No. ED CV 06-00807 SJO (AJW), 2009 WL 1357411, *4 (C.D. Cal. May 1, 2009) ("Plaintiff has not clearly made and communicated an affirmative choice to stand on his dismissed complaint and forgo amendment.  Therefore, under the reasoning of *Edwards*, dismissal of this action

---

[5]Order Granting Defendant's Motion to Dismiss ("Dismissal Order"), Docket No. 14 (Jan. 26, 2012) at 21.

[6]Defendant Wells Fargo's Motion to Expunge Notice of Pending Action ("Motion"), Docket No. 9 (Dec. 2, 2011).

with prejudice under Rule 41(b) is appropriate").

Involuntary dismissal with prejudice is appropriate when a majority of the following factors favor dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik*, 963 F.2d at 1260–61. Here, these factors weigh in favor of dismissal with prejudice.

The first *Pagtalunan* factor – the public's interest in expeditious resolution of litigation – "always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted). As to the second factor, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642. The court's order dismissing plaintiff's complaint explained in detail various deficiencies in the pleading, but noted that he might be able to replead certain causes of action to the extent they were based on allegations of fraud.[7] The court gave plaintiff leave to file an amended complaint, but he has not done so, indicating that he does not intend to prosecute the action. Plaintiff's intent is further evident in the fact that he did not oppose the motion to dismiss, the motion to strike, or the pending motion to expunge the *lis pendens*. Indeed, the docket reflects that he has taken no steps to participate in the action since the August 2011 filing of his complaint. The case's continued presence on the court's docket will waste valuable resources. Thus, the second *Pagtalunan* factor weighs in favor of dismissal of plaintiff's complaint with prejudice.

The third *Pagtalunan* factor considers whether "plaintiff's actions [have] impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* Courts have explained that "the risk of prejudice to the defendant is related to the plaintiff's reason in defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. A plaintiff's failure to provide an excuse for failure to amend is sufficient to establish prejudice. See, e.g., *Foster v. Jacquez*, No. CV 09-01406 JFW, 2009 WL 1559586, *3 (C.D. Cal. May 28, 2009) ("Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal," citing *Yourish*); *Grubb*, 2009 WL 1357411 at *2 ("In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay," citing *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994), in turn citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). Plaintiff has offered no reason or explanation for his failure to respond to the court's order. As a result, his inaction is impeding prompt resolution of this matter and this factor, too, weighs in favor of dismissal.

The fourth *Pagtalunan* factor, which examines the availability of less drastic alternatives, is neutral. The Ninth Circuit has suggested that one lesser sanction to consider when a plaintiff fails to

---

[7]Dismissal Order at 21.

file an amended complaint is giving the plaintiff additional time to replead.  *Yourish*, 191 F.3d at 992.  Here, however, the court informed plaintiff when dismissing his complaint, in boldface type, that "**[f]ailure to comply with this deadline will result in dismissal of the action with prejudice and without further notice**."[8]  Plaintiff has proffered no excuse for his failure to file an amended complaint, and has clearly demonstrated, over the course of more than seven months, that he has no interest in continuing to pursue this action.  As a practical matter, the case cannot proceed without an operative complaint, and there are therefore no less drastic sanctions available.  *Grub*b, 2009 WL 1357411 at *2 ("Plaintiff was given additional time to file a procedurally proper amended complaint after his second amended complaint was stricken, and he was warned that his failure to do so could lead to dismissal.  This action cannot proceed without a complaint on file").

Finally, the fifth *Pagtalunan* factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits."  *Id.*

Despite the fact that the fifth factor weighs against dismissal, the court concludes that, on balance, the *Pagtalunan* factors favor involuntary dismissal with prejudice of this case.  The court therefore dismisses the action with prejudice.

### B.    Defendant's Motion to Expunge the *Lis Pendens*,

### 1.    Plaintiff's Failure to File an Opposition

Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  CA CD L.R. 7-12.  Because plaintiff failed to oppose Wells Fargo's motion to expunge by the deadline set forth in the Local Rules,[9] the court could, under Rule 7-12, grant the motion on this basis alone.  See *Cortez v. Hubbard*, No. CV 07-4556-GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so.  Pursuant to Local Rule 7-12,her failure to do so could be deemed to be consent to a grant of the [m]otion"); *Mack-University LLC v. Halstead*, No. SA CV 07-393 DOC (ANx), 2007 WL 4458823, *4 n. 4 (C.D. Cal. Sept. 25, 2007) (holding, where a party "failed to oppose or in any way respond" to a motion, that "[p]ursuant to local Rule 7-12, the [c]ourt could grant [p]laintiffs' [m]otion on this ground alone"); *Ferrin v. Bias*, No. ED CV 02-535 RT (SGLx), 2003 WL 25588274, *1 n. 1 (C.D. Cal. Jan. 2, 2003) ("Under Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion"); *Bernales v. Alliance Bancorp*, No. C 09-2746 SBA, 2009 WL 3837215, *3 (N.D. Cal. Nov. 16, 2009) (treating a failure to oppose a motion to expunge as consent to expungement).  Nonetheless, the court reviews the merits of Wells

---

[8]Dismissal Order at 21.

[9]Local Rule 7-19 requires that all opposition papers be filed at least twenty-one days prior to the hearing date.  CA CD L.R. 7-9.

Fargo's motion below.

### 2.     Whether The *Lis Pendens* Should be Expunged

California Code of Civil Procedure § 405.20 provides that "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged."[10] "[A] *lis pendens* is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice. Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment. . . . Once a *lis pendens* is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." *BGJ Associates, LLC v. Superior Court*, 75 Cal.App.4th 952, 966-67 (1999) (citing *Urez Corp. v. Superior Court*, 190 Cal.App.3d 1141, 1144-45 (1987)). See also *Quiroz v. Countrywide Bank, N.A.*, No. CV 09-5855 CAS (AJW), 2009 WL 3849909, *6 (C.D. Cal. Nov. 16, 2009) ("A *lis pendens* is a recorded document giving constructive notice that an action has been filed affecting title to or right to possession of the real property described in the notice"). "Even after judgment, a *lis pendens* remains effectively on the record unless a statutory ground for expungement is established." *Slintak v. Buckeye Retirement Co., L.L.C., Ltd.*, 139 Cal.App.4th 575, 587 (2006) (citing *Knapp Development & Design v. Pal-Mal Properties, Ltd.*, 195 Cal.App.3d 786, 791 (1987)).

California Code of Civil Procedure § 405.30 governs expungement of a *lis pendens*. It provides, in pertinent part:

> "At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice. . . . Evidence or declarations may be filed with the motion to expunge the notice. The court may permit evidence to be received in the form of oral testimony, and may make any orders it deems just to provide for discovery by any party affected by a motion to expunge the notice. The claimant shall have the burden of proof under Sections 405.31 and 405.32."

See also *Quiroz*, 2009 WL 3829909 at *6 ("At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice"). Under §§ 405.31 and 405.32, "the court shall order the notice expunged" if it finds either "that the pleading on which the notice is based does not contain a real property claim" or "that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." To establish

---

[10]28 U.S.C. § 1964 directs district courts to apply state *lis pendens* law. See *American National Red Cross v. United Way California Capital Region*, No. CIV. S-07-1236 WBS DAD, 2007 WL 4522967, *2 (E.D. Cal. Dec. 19, 2007).

"probable validity," plaintiff must show that "it is more likely than not that [he] will obtain a judgment against the defendant on the claim." CAL. CODE CIV. PROC. § 405.3; see also *Orange County v. Hongkong & Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 824 (9th Cir.1995).

Here, plaintiff's complaint has been dismissed with prejudice, and there is no pending action on which to base a *lis pendens*. Plaintiff no longer has any possibility of obtaining a judgment against Wells Fargo, and the *lis pendens* must therefore be expunged. *Izenberg v. ETS Services, LLC*, No. CV 08-06888 MMM (SSx), 2009 WL 763821, *2 (C.D. Cal. Mar. 24, 2009) ("Plaintiffs have not established the probable validity of their claims, both because they have not opposed defendant's motion, and because the case has been dismissed with prejudice"); *Hyler v. Investment Grade Loans, Inc.*, No. C 07-03180 WHA, 2008 WL 4279689, *5 (N.D. Cal. Sept. 12, 2008) ("Because this order denies plaintiffs' motion to set aside judgment and the settlement agreement, there is no longer any pending action on which to base plaintiffs' two *lis pendens*. The defendants' motion to expunge lis pendens is granted").

### 3.  Request for Attorneys' Fees and Costs

Wells Fargo requests that the court award it $4,000.00 in attorneys' fees incurred in connection with efforts to expunge the *lis pendens*.[11] Wells Fargo asserts that its lawyer spent fifteen hours preparing the motion, but that it seek compensation only for 12 hours of that time.[12] Attorney Fred Hickman reports that he devoted three hours to the motion to expunge the *lis pendens*, billed at a rate of $320 per hour, while his associate, Tim Ceperley, spent 12 hours, billed at $300 per hour.[13]

California Code of Civil Procedure § 405.38 states:

"The court shall direct that the party prevailing on any motion [to expunge a *lis pendens*] be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."

The comment accompanying this section emphasizes that the former statute "provided that the court 'may' award reasonable attorney's fees and costs to the party prevailing on an expungement motion," and that the amended language "modifie[d] the rule to provide that the court must award fees and costs to the prevailing party unless special findings support denial of fees." CAL. LAW REVISION COM. cmt. 1 WEST'S ANN. CODE CIV. PROC. (2004 ed.) § 405.38. See also *Olivier v. NDEX West, LLC*, No. 1:09-CV-00099 OWW GSA, 2009 WL 2486314, *6 (E.D. Cal. Aug. 12, 2009) ("[W]hen

---

[11]Motion at 12.

[12]Motion, Exh. 1 (Frederick Hickman Declaration ("Hickman Decl.")), ¶ 6.

[13]*Id.*, ¶¶ 5-7.

a court orders a lis pendens expunged, the order must direct that the prevailing party be awarded reasonable attorneys' fees and costs.   This award is mandatory, unless the Court finds that the opposing party acted with substantial justification, or that other circumstances make the imposition of attorneys' fees unjust").

Section 405.38 was "enacted to mitigate against and control misuse of the *lis pendens* procedure."   *Trapasso v. Superior Court*, 73 Cal.App.3d 561, 569 (1977).   Many recent decisions, however, have found it unjust to impose attorneys' fees and costs on plaintiffs facing financial hardship and apparently unable to pay their mortgage.   See, e.g., *Murillo v. Lehman Brothers Bank FSB*, No. C 09-00500 JW, 2009 WL 2160578, *6 (N.D. Cal. July 17, 2009) ("[U]nder the circumstances of this case, where Plaintiffs' error is minor and they are unable to pay their mortgage, an award of fees and costs would be unjust"); *Smith v. Wachovia*, No. C 09-01300 SI, 2009 WL 1948829, *6 (N.D. Cal. July 6, 2009) ("The Court also finds that due to plaintiff's apparent financial hardship, the award of attorney's fees would be unjust"); *Adams v. SCME Mortgage Bankers, Inc.*, No. CV F 09-0501 LJO SMS, 2009 WL 1451715, *13 (E.D. Cal. May 22, 2009) ("Under the circumstances here, an award of fees and costs is unjust, especially given Ms. Adams' inability to pay her mortgage"); see also *Cruz v. Wachovia Mortg.*, 775 F.Supp.2d 1188, 1191 (C.D. Cal. 2011) ("Plaintiffs are already facing the loss of their home.   To saddle them with nearly $20,000 in attorneys' fees sought by a giant financial institution merely because they had the temerity to file a lawsuit would be worse than inequitable and unreasonable; it would be a travesty"); *Dubinskiy v. Aurora Loan Services*, No. CIV–F–10–0735 AWI GSA, 2011 WL 3584720, *2 (E.D. Cal. Aug. 15, 2011) ("These cases brought by homeowners seeking to stave off foreclosure are unhappy affairs for all involved.   Under the circumstances here, an award of fees and costs is unjust, especially given [plaintiff's] inability to pay her mortgage" (citation and quotation marks omitted)); *Valtierra v. Wells Fargo Bank, N.A.*, No. 1:10-cv-849-AWI-MJS, 2010 WL 5288670, *1 (E.D. Cal. Dec. 17, 2010) ("[T]he fact the Plaintiff lost his home to foreclosure leaves it obvious to the Court that Plaintiff is not financially sound.   Considering all of these circumstances, the Court finds that it would be unjust to impose an attorney's fees award on Plaintiff").

Wells Fargo argues that awarding fees would not be unjust because plaintiff is a "real estate investor as to this property, not a former homeowner."[14]   Plaintiff's complaint, however, indicates that he is facing financial hardship, a fact Wells Fargo does not dispute.[15]   He filed for bankruptcy in 2009, and his bankruptcy filings indicate heavy debt and a significant number of creditors.[16]   Though plaintiff does not appear to live at the property that is the subject of this action, this does not

---

[14]Motion at 12.

[15]See Complaint, ¶ 39 (describing the loan as "financially unbearable and burdensome," and stating that it placed "Plaintiff in a position where it was likely that he would default on those loan [sic] and lose the investment that he made").

[16]Removal, Exh. D ("Bankruptcy Petition").

meaningfully distinguish his situation from the authority cited above.  It would be unjust to burden a plaintiff facing srious financial difficulties with the obligation to pay thousands of dollars in attorneys' fees.  *Orcilla v. Bank of America, N.A.*, No. C10–03931 HRL, 2011 WL 1113549, *2 (N.D. Cal. Mar. 25, 2011) ("Because the present record indicates that Plaintiffs are experiencing financial difficulties, an award of attorney's fees and costs would be unjust.  Accordingly, Big Sur's request for an award of attorney's fees and costs is denied").  Consequently, Well Fargo's request for attorneys' fees is denied.

## III.  CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed with prejudice.  Additionally, defendant's motion to expunge the *lis pendens* is granted.  Its request for attorneys' fees in connection with the motion to expunge is denied.